## SHAW V. DES MOINES COUNTY *et al.*

**Cities and Towns:** COLLECTION OF SPECIAL TAXES: CODE, SECTION 481. Under section 481 of the Code, providing that municipal corporations, if by ordinance they so elect, may cause delinquent taxes levied for certain purposes to be certified to the county auditor, etc., such taxes may be so certified, and collected by the county treasurer, as directed in said section, even though the ordinance electing to pursue that method is passed after the work is done for which the tax is levied. (Compare *Dittoe v. City of Davenport, ante,* p. 66.)

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, SEPTEMBER 4, 1888.

ACTION to restrain the collection of a special assessment levied by the city of Burlington for street improvements. The district court denied the relief asked, and rendered judgment in favor of defendants for costs. Plaintiff appeals.

*T. J. Trulock,* for appellant.

*Seerley & Clark,* for appellees.

ROBINSON, J.—It is agreed by counsel that "the question to be determined is whether the city can certify special assessments for the improvement of streets to the county auditor, and have them collected by the treasurer through sale of the property,—under its ordinances." The contract for the improvement in question is dated June 24, 1882, and required the work to be completed on the first day of the next December. The assessment in question was certified after the completion of the work, to-wit, November 25, 1885. The portions of ordinance number twelve of the city which were in force when the contract was let and the improvements

were made are as follows: "It shall be lawful for the city council, by resolution describing the street * * * to be improved, and the character of the improvements, to order and direct such improvements, and require the costs and expense thereof to be levied and assessed as a special tax upon the lots * * * fronting the * * * street." "Sec. 10. Immediately upon the assessment and levy * * * the same shall be transferred to * * * the special assessment book. Sec. 11. The auditor shall forthwith issue special tax warrants, for the collection of special taxes, and place them in the hands of the treasurer, who shall forthwith proceed to demand and collect said taxes, * * * and at any time after demanded the said city or interested party may bring an action to recover of the owner the amount of such special tax * * * in any court having jurisdiction thereof, and may recover judgment and decree therefor." In July, 1884, and after the improvements had been made, the city adopted an ordinance which contained the following: "Sec. 12. Immediately upon the assessment and levy of a special tax * * * the same shall be transferred to the assessment roll, * * * and, if said special taxes are not paid as herein required, the city shall proceed to collect the same * * * as provided in sections 478, 479–481, of the Code of Iowa, as it may elect. Sec. 13. In all cases in which the city council shall have heretofore ordered any improvement, or made any special assessment for any of the purposes provided herein, and by any section of ordinance number twelve of the revised ordinances, * * * all sections hereof shall apply thereto."

It is not denied that the special assessments in controversy are within the terms of the sections last quoted, but it seems to be the thought of appellant that they are not applicable, for the reason that they were not adopted until after the improvements in question had been made. It appears to be conceded that the proceedings sought to be enjoined are authorized by the ordinances of 1884, if the provisions of section 481 of the Code can be given a retrospective effect. The ordinance in force when the

improvements were ordered and made authorized the city council to assess the expense thereof, as a special tax, upon the lots fronting the street. That was done in this case, and no question is made as to the amount or legality of the assessment, but only as to the method of collecting it. We held in the case of *Dittoe v. City of Davenport, ante,* p. 66, that the right to recover an assessment of this character depends upon the doing of the work in the manner and for the purposes provided by law, and that methods of collection authorized by the Code might be adopted at any time. This case is governed by the rule announced in that, and will therefore be

AFFIRMED.